UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Carney Shegerian | David Jacobs | |

**Proceedings:**    PLAINTIFF CHRISTOPHER LANDIG'S MOTION FOR AN ORDER TO REMAND TO STATE COURT (Dkt. 12, Filed October 18, 2016)

DEFENDANTS BRYAN HICKMAN AND JOANNE AUGUSTINE'S MOTION TO DISMISS (Dkt. 11, filed October 13, 2016)

## I. INTRODUCTION

On August 24, 2016, plaintiff Christopher Landig filed this action in Los Angeles County Superior Court against defendants CooperSurgical, Inc., Tim Mukand, Bryan Hickman, Joanne Augustine, and Does 1–100, inclusive. Dkt 1-1 ("Compl."). Plaintiff alleges ten claims: (1) age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900 et seq.; (2) harassment on the basis of age in violation of FEHA; (3) retaliation for complaining of age discrimination and/or harassment in violation of FEHA; (4) failure to promote because of age discrimination in violation of FEHA; (5) breach of an express oral contract not to terminate employment without good cause; (6) breach of an implied-in-fact contract not to terminate employment without good cause; (7) negligent hiring, supervision, and retention; (8) wrongful termination in violation of public policy; (9) retaliation for raising complaints of illegality in violation of California Labor Code § 1102.5; and (10) intention infliction of emotional distress ("IIED"). Id.

On September 22, 2016, defendants CooperSurgical, Hickman, and Augustine removed this action to this Court. Dkt. 1 ("Notice of Removal").

On October, 13, 2016, defendants Hickman and Augustine filed a motion to dismiss plaintiff's complaint for failure to state a claim against them. Dkt. 11 ("MTD").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

Plaintiff filed his opposition of October 24, 2106, dkt. 14 ("MTD Opp'n"), and Hickman and Augustine filed their reply on October 31, 2016, dkt. 17 ("MTD Reply").

On October 18, 2016, plaintiff filed a motion to remand this action to state court. Dkt. 12 ("Remand Mot."). On October 17, 2016, CooperSurgical, Hickman, and Augustine filed an opposition. Dkt. 15 ("Remand Opp'n"). Plaintiff did not file a reply.

## II. BACKGROUND

Plaintiff, a 60 year-old man, was employed by defendants for nine years, beginning in November 2006. Compl. ¶ 10. Plaintiff was hired to serve as a certified surgical representative at Cooper, and he was later promoted to senior certified sales representative. Id. Plaintiff was the highest paid sale representative at Cooper. Id. ¶ 11.

Plaintiff avers that he is a "resident" of Orange County, California. Id. ¶ 1. He contends that, at all times mentioned in his complaint, CooperSurgical was authorized to operate in California, that Mukand and Hickman were "residents" of California, and that Augustine was a "resident" of New York. Id. ¶ 2. According to plaintiff, Mukand, Hickman, and Augustine were supervisors. Id. Plaintiff alleges that all defendants were responsible for the harms that he alleges. Id. ¶ 4.

Plaintiff alleges that, when plaintiff was on his way to work with defendant Mukand, a sales manager, on January 25, 2010, Mukand made offensive sexual comments and "went into extensive detail about his sexual exploits." Id. ¶ 13a. Plaintiff told Mukand that he was not interested in hearing about Mukand's sexual exploits, but Mukand continued. Id. Plaintiff alleges that later that same week, Mukand remarked that he hated white people and Christians. Id. ¶ 13b. As a white person and a Christian, plaintiff was "extremely" offended. Id.

In October 2010, plaintiff alleges that he told Mukand that he wanted to interview for an available promotion. Id. ¶ 13c. Mukand responded that plaintiff could interview, but that Mukand would not hire plaintiff for the job. Id.

Plaintiff avers that employees generally feared raising complaint about Mukand because he was "very violent and aggressive." Id. ¶ 13d.

In November 2011, plaintiff alleges that his sales territory was reduced, that his accounts were given to a younger sales representative, and that plaintiff did not get "sales

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

credit for distributor accounts." Id. ¶ 13e. Plaintiff avers this set him up for failure. Id.

In September 2012, plaintiff was placed on probation for poor performance. Id. ¶ 13f. Plaintiff received a letter stating his failure to meet 95 percent of his sales quota by the end of the fiscal year would result in termination of his employment. Id. According to plaintiff, Jaret Miller, a CooperSurgical sales representative who was younger than 40 years old, also received a letter. Id. However, Miller's letter stated only that he would be placed on probation, not discharged, if Miller failed to reach his quota. Id.

On September 18, 2012, plaintiff wrote a letter to defendant Augustine, director of human resources, with respect to his probation. Id. ¶ 13g. Plaintiff asserted in the letter that it was unfair to threaten his job after many years of successful service and he emphasized that he felt targeted and suspected age discrimination. Id. According to plaintiff, nothing was done in response to his complaint. Id.

In February 2015, plaintiff interviewed for a promotion, but Mukand was hired for the position. Id. ¶ 13h.

On April 12, 2015, plaintiff turned 60 years old. Id. ¶ 13i.

On May 8, 2015, defendant Hickman instructed plaintiff to create a weekly itinerary and told plaintiff that Hickman would accompany him on a sales trip. Id. ¶ 13j. During that trip, on May 19, 2015, Hickman remarked to plaintiff that he understood plaintiff had a "big birthday last month" and specified that it was plaintiff's 60th birthday. Id. Hickman then reminded plaintiff that he was the highest paid sales representative in the country. Id. Two days later, in a hotel lobby during the same trip, Hickman remarked that plaintiff's sales schedule was light; plaintiff responded that he offered to stop at another location but that Hickman had asked to be dropped off at his hotel. Id. ¶ 13k. In response, Hickman shouted profanely at plaintiff and raised his fists in the air. Id. Hickman allegedly shouted: "F*ck you, f*ck you; I'm so mad at you, I could kill you." Id. Plaintiff contends that he felt "mortified," "shocked, humiliated, and . . . harassed." Id. Plaintiff reported the incidence to a colleague and informed others of Hickman's "harassing and threatening conduct." Id. ¶ 13l.

At the urging of his colleagues, on May 28, 2015, plaintiff complained to Augustine about Hickman's conduct. On June 4, 2015, Augustine informed plaintiff that she had investigated plaintiff's complaint and that, though Hickman admitted he was angry, no further action would be taken. Id. ¶¶ 13l, m, n. Plaintiff contends that

Case 2:16-cv-07144-CAS-KS   Document 19   Filed 11/14/16   Page 4 of 16   Page ID #:399

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

defendants thus failed to safeguard plaintiff against further attacks by Hickman. Id. at ¶ 13n.

On June 24, 2015, Hickman accused plaintiff of not having his credentials at Cedar-Sinai, even though plaintiff had been credentialed there for more than one year. Id. ¶ 13o. Plaintiff sent Hickman a copy of his credentials. Id.

On August 21, 2015, Hickman and Augustine called plaintiff and terminated his employment. Id. at ¶ 13a. Hickman stated that plaintiff's weekly itinerary could have been better. Id. Plaintiff avers that Hickman's reasoning was meritless because there were 20 sales representatives who had lower sales numbers than plaintiff. Id. During the conversation, plaintiff stated, "That is not why you're firing me. You know it, I know it, and Joanne [Augustine] knows it. The reason you are firing me is my age, and you know it." Id. Plaintiff avers that his employment was terminated after he engaged in the protected activity of complaining to human resources and after defendants discovered that he had turned 60. Id.

Plaintiff alleges that he was replaced by a 36 year-old employee who earns $20,000 less per year than he did. Id. at ¶ 13b.

As a consequence of defendants' conduct, plaintiff alleges that he has suffered economic and non-economic damages. Id. ¶¶ 15–16. Plaintiff seeks punitive damages because he alleges defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code § 3294. Id. ¶ 17. Plaintiff also seeks attorneys' fees. Id. ¶ 18.

### III. LEGAL STANDARDS

#### A. Motion to Remand

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court. 28 U.S.C. § 1441(a). Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

jurisdiction exists. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). As a result, the party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, No. 10-cv-01893-RGK-DTB, 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction).

Jurisdiction founded on diversity requires that the parties be in complete diversity and that the amount in controversy exceed $75,000. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."

As stated, the amount in controversy must exceed $75,000 to confer diversity jurisdiction. 28 U.S.C. § 1332(a). Where "plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); see also Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997) (same). The Court may look to the defendant's factual statements in its notice of removal when assessing the amount in controversy. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). However, conclusory allegations of an amount, unsupported by facts, are insufficient to meet the removing party's burden. Gaus, 980 F.2d at 567.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). If a court finds fraudulent joinder of a sham defendant, it may disregard the citizenship of the sham defendant for removal purposes. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant is fraudulently joined where "the plaintiff fails to state a cause of action

Case 2:16-cv-07144-CAS-KS   Document 19   Filed 11/14/16   Page 6 of 16   Page ID #:401

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law." (citations and internal quotation marks omitted)); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." (citing Dodson, 951 F.2d at 42)).

In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42; see also Hunter, 582 F.3d at 1042 (9th Cir. 2009) (in deciding whether removal is proper, "the court resolves all ambiguity in favor of remand to state court"). Courts may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure before Trial § 2:2456 (The Rutter Group 2016) (citing W. Am. Corp. v. Vaughan–Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985). However, a court's inquiry into fraudulent joinder ought to be "summary" because "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Hunter, 582 F.3d at 1045 (quoting Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

  **B.** **Motion to Dismiss**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

IV. **DISCUSSION**

    A. **Motion to Remand**

CooperSurgical, Hickman, and Augustine assert that this Court may hear the case on the grounds of diversity jurisdiction, 28 U.S.C. § 1332(a). Notice of Removal at 3–4; Remand Opp'n at 4.

        1. **Complete Diversity**

CooperSurgical, Hickman, and Augustine argue that there is complete diversity in this case. First, they allege that plaintiff is a citizen of California because plaintiff evidences intent to remain in California. See Notice of Removal at 4; Remand Opp'n at 4–6. Defendants rely on CooperSurgical's employment records showing, inter alia, that: plaintiff resided at the same home in California throughout his employment with CooperSurgical, dkt. 15-4, Exs. E–F, H, K–L; plaintiff worked in California since at least 1985 before working for CooperSurgical, dkt. 15-4, Ex. G; and, in or about January or February 2015, plaintiff told a CooperSurgical executive that plaintiff was unwilling to move out of Southern California in connection with a promotion for which he was applying, dkt. 15-2, Decl. of Greg Azarian ¶¶ 2–4.

Plaintiff does not deny that he is a citizen of California, but he argues that the complaint states only that he *resides* in California. Remand Mot. at 6. A plaintiff "cannot cut off defendant's constitutional right as a citizen of a different state than the plaintiff, to choose a federal forum, by omitting to aver or mistakenly or falsely stating the citizenship of the parties." Texas & P. Ry. Co. v. Cody, 166 U.S. 606, 609 (1897).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

Considering the context of the case, plaintiff's omission as to his citizenship, and the evidence submitted by defendants, the Court finds that plaintiff is a citizen of California.[1]

CooperSurgical, Hickman, and Augustine aver that Hickman is a citizen of Nevada. Notice of Removal at 5; Remand Opp'n at 7. Hickman asserts in a declaration that he has resided in Nevada since 1982 and plans to remain there indefinitely. Dkt. 1-6, Decl. of Bryan Hickman I ¶ 3 ("Hickman Decl. I"). In his complaint, plaintiff alleges only that Hickman is a "resident" of California. See Compl. ¶ 2. However, plaintiff does not argue that Hickman is a California "citizen" and plaintiff does not rebut Hickman's testimony that Hickman is a citizen of Nevada. See Hickman Decl. I ¶ 3. Accordingly, the Court finds that Hickman is a citizen of Nevada.

Plaintiff alleges that CooperSurgical was authorized to operate in the State of California, Compl. ¶ 2, but does not identify CooperSurgical's citizenship. CooperSurgical, Hickman, and Augustine assert that CooperSurgical is incorporated under the laws of Delaware and has its headquarters in Connecticut, making the company a citizen of Delaware and Connecticut. Notice of Removal at 5; Remand Opp'n at 7; see dkt. 4-1 (Business Entity Detail for CooperSurgical, obtained from the California Secretary of State's corporate search website, stating that the company's jurisdiction is Delaware, and the entity's address is in Connecticut).[2] Plaintiff does not dispute this assertion. Therefore, the Court concludes that CooperSurgical is a citizen of Delaware and Connecticut.

---

[1] When determining whether subject matter jurisdiction exists, the Court is "not limited to the pleadings but must also examine the context of the case as a whole." EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd., 322 F.3d 635, 643 (9th Cir. 2003).

[2] The Court **GRANTS** CooperSurgical, Hickman, and Augustine' request that the Court take judicial notice of CooperSurgical's Business Entity Detail, dkt. 4, because this document is in the public record and its existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, courts routinely take judicial notice of this type of document. See, e.g., Estate of Cartledge v. Columbia Cas. Co., No. 2:11-cv-2623-WBS, 2012 WL 346470, at *2 (E.D. Cal. Jan. 31, 2012) ("Judicial notice of the business entity details is appropriate as both are public records."); Celebrity Chefs Tour, LLC v. Macy's, Inc., 16 F. Supp. 3d 1141, 1147 (S.D. Cal. 2014) (taking judicial notice of a California Secretary of State Business Entity Detail).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

Plaintiff alleges that Augustine is a citizen of New York. Compl. ¶ 2. In their opposition to plaintiff's motion to remand, CooperSurgical, Hickman, and Augustine allege that Augustine is a citizen of Connecticut, where she resides and intends to remain indefinitely. Notice of Removal at 5; Remand Opp'n at 7; dkt. 1-7, Decl. of Joanne Augustine I ¶ 3. Plaintiff does not dispute this assertion. The Court need not resolve this dispute because Augustine is diverse from plaintiff in either case.

Plaintiff alleges that Mukand is a "resident" of California, Compl. ¶ 2, and a "Californian," Remand Mot. at 2. CooperSurgical, Hickman, and Augustine contend that Mukand is a sham defendant and the Court should disregard his citizenship. Notice of Removal at 6–9; Remand Opp'n at 8–11. Of the ten claims that plaintiff asserts in his complaint, he raises only two against Mukand: age harassment and IIED. CooperSurgical, Hickman, and Augustine argue that plaintiff fails to plead a prima facie claim of age harassment or IIED against Mukand. Notice of Removal at 6–9; Remand Opp'n at 8–11. In addition, they argue that those claims are time-barred by the applicable statutes of limitation. Notice of Removal at 7–9; Remand Opp'n at 8–11.

The Court may consider a statute of limitations defense for the purposes of determining whether Mukand is a sham defendant. See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1319–20 (9th Cir. 1998). In addition, "fraudulent joinder claims can be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits and deposition testimony." Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995) (quotation marks omitted) (cited approvingly by Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001).

"Under California law, there is a two-year statute of limitations for intentional infliction of emotional distress claims" Soliman v. CVS RX Servs., Inc., 570 F. App'x 710, 711 (9th Cir. 2014); see Pugliese v. Superior Court, 146 Cal. App. 4th 1444, 1450 (2007) ("Causes of action for assault, battery and intentional infliction of emotional distress are governed by the two-year statute of limitations set forth in Code of Civil Procedure section 335.1."); Cal. Civ. Proc. Code § 335.1. "The statute of limitations begins to run when the plaintiff suffers severe emotional distress as a result of outrageous conduct by the defendant." Soliman, 570 F. App'x at 711 (9th Cir. 2014). California law requires a person alleging age harassment to file a complaint with a state administrative agency, the California Department of Fair Employment and Housing ("DFEH"), within one year from the date upon which the alleged unlawful practice occurred. Cal. Gov't Code § 12960(d). DFEH has one year to complete its investigation and issue a right-to-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

sue letter to the complainant. Cal. Gov't Code § 12965(b). The complainant must then file suit within a year of the date of the right-to-sue notice. Id. § 12965(d); see Couveau v. Am. Airlines, Inc., 218 F.3d 1078, 1083 (9th Cir. 2000) (plaintiff's suit was not barred by the statute of limitations because she filed within one year of the date of the right-to-sue notice).

Plaintiff avers that Mukand's "extremely offensive" comments about sex and race occurred in January 2010. Compl. ¶¶ 12a, b. Plaintiff's last alleged interaction with Mukand occurred in October 2010. Id. ¶ 12c. Moreover, Hickman testifies that he replaced Mukand as the regional manager of the Western Division on November 1, 2010, at which time Mukand ceased serving as plaintiff's supervisor. Dkt. 15-1, Decl. of Bryan Hickman II ¶¶ 3–6. Plaintiff alleges that he timely filed an administrative complaint with DFEH and received a right-to-sue letter, id. ¶ 19, but plaintiff does not state when he filed his complaint with DFEH or when he received a right-to-sue notice. Because Mukand's alleged conduct occurred nearly six years before plaintiff filed his action in Superior Court, the Court concludes that plaintiff either untimely filed his age harassment complaint with DFEH or untimely filed his action in Superior Court. In addition, the Court finds that plaintiff's IIED claim against Mukand is barred by the applicable two-year statute of limitations. Accordingly, the Court concludes that there is no possibility that plaintiff could establish a cause of action in state court against Mukand. Mukand is, therefore, a sham defendant and the Court disregards his citizenship for the purposes of assessing the parties' diversity. Moreover, the Court **DISMISSES** Mukand from this action without prejudice. As a result, there are no defendants in this action who are citizens of California; therefore, complete diversity exists.

      2.     **Amount in Controversy**

Though plaintiff does not specify the amount in controversy in his complaint, CooperSurgical, Hickman, and Augustine argue that the amount in controversy is greater than $75,000. Notice of Removal at 9–12; Remand Opp'n 12–14. Plaintiff seeks economic damages, "including lost past and future income and employment benefits, damages to his career, and lost wages, overtime, unpaid expenses, and penalties[.]" Compl. ¶ 15. CooperSurgical, Hickman, and Augustine aver that plaintiff's gross earnings in 2014 were $169,712.02, and—had plaintiff's employment not been terminated—plaintiffs gross earnings in 2015 would have been approximately $105,762.84 (based on plaintiff's earning as of August 31, 2015). Remand Opp'n at 13; see dkt. 15-4, Exs. K, L (plaintiff's earnings statements). Because plaintiff was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

terminated more than one year ago, CooperSurgical, Hickman, and Augustine contend that plaintiff's lost wages alone exceed the jurisdictional amount. Remand Opp'n at 13.

Plaintiff argues in his motion to remand that the amount in controversy is unclear from the face of the complaint and that defendants offer no evidence showing plaintiff's earnings. Remand Mot. at 13. Plaintiff does not present any evidence to rebut the evidence submitted by CooperSurgical, Hickman, and Augustine showing that plaintiff's lost wages alone exceed $75,000.

Where, as here, "plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." Sanchez, 102 F.3d at 404. The Court concludes that the earning statements introduced by CooperSurgical, Hickman, and Augustine establish that it is more likely than not that plaintiff's lost wages exceed $75,000. Moreover, plaintiff seeks emotion distress damages, punitive damages, and attorneys' fees that only add to the estimated $105,762.84 sought for lost wages. Accordingly, the Court concludes that CooperSurgical, Hickman, and Augustine have met their burden of establishing the jurisdictional amount.

### 3. Summary

The Court finds that there is complete diversity and that the amount in controversy exceeds $75,000. Accordingly, the Court concludes that it may exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The Court therefore **DENIES** plaintiff's motion to remand this action to state court.

### C. Motion to Dismiss

Plaintiff asserts two claims against Hickman and Augustine: age harassment and IIED. Hickman and Augustine request that the Court dismiss these two claims against them. MTD at 4.

### 1. Age Harassment

To establish a prima facie claim for harassment under FEHA, "a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." Lawler v. Montblanc N. Am., LLC,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

704 F.3d 1235, 1244 (9th Cir. 2013); see also Chavez v. JPMorgan Chase Bank, No. 15-cv-02328-DDP-PJW, 2016 WL 3556591, at *6 (C.D. Cal. June 29, 2016) ("[A] Plaintiff alleging age-based harassment must demonstrate, among other things, that the harassment 'is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" (quoting Mokler v. Country of Orange, 157 Cal. App. 4th 121, 145 (2007))). In addition, "[t]he plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." Lawler, LLC, 704 F.3d at 1244 (quotation marks omitted). "[E]vidence of, at most, isolated stray remarks is insufficient to give rise to a triable issue of fact regarding hostile work environment or harassment based on age." Allen v. Centillium Comms., Inc., No. 06-cv-0615-EDL, 2008 WL 916976, at *7 (N.D. Cal. Apr. 3, 2008). Harassment consists of "actions outside the scope of job duties" and "commonly necessary personnel management actions such as hiring and firing, job or project assignments, . . . promotion or demotion, [and] performance evaluations, . . . do not come within the meaning of harassment." Lawler, 704 F.3d at 1244 (quotation marks omitted).

      **a.    Hickman**

Hickman and Augustine contend that plaintiff fails to plead a claim of age harassment against Hickman because: (1) Hickman's alleged conduct constitutes discipline and criticism related to plaintiff's work performance; and (2) the only comment Hickman allegedly made about plaintiff's age is insufficient to support a finding of "severe or pervasive harassment based on age." Id. at 6–9.

The Court finds that plaintiff has pleaded a prima facie case of age harassment under the liberal notice pleading standards of the Federal Rules of Civil Procedure. First, plaintiff has alleged that plaintiff is a member of a protected group because he is more than 40 years old.

Second, considering plaintiff's allegations in the light most favorable to him, the Court concludes that plaintiff has sufficiently pleaded that he was subjected to harassment by Hickman because of his age. Plaintiff has alleged that Hickman commented about plaintiff's age in relation to plaintiff's high salary and that plaintiff's employment was terminated because of his age. The Court considers Hickman's actions in the context of other conduct alleged in the complaint, including that Hickman shouted threateningly at plaintiff, that plaintiff was replaced by a younger employee, that plaintiff was passed over for promotions, and that plaintiff was disciplined more harshly than similarly situated younger employees. See Roby v. McKesson Corp., 219 P.3d 749, 763

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

(Cal. 2009) (personnel management decisions—such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion—may "communicat[e] a hostile message," "when the actions establish a widespread pattern of bias"); Christ v. Staples, Inc., No. 2:14-cv-07784-MMM-JEM, 2015 WL 248075, at *6 (C.D. Cal. Jan. 20, 2015) (considering plaintiff's age harassment claim when "[v]iewed in context" of other actions alleged in the complaint).

Third, plaintiff alleges that this harassment created a hostile work environment. Compl. ¶ 33a. Whether plaintiff's working environment was subjectively and objectively perceived as hostile is a question of fact not properly decided on a motion to dismiss. See Haro v. Therm-X of California, Inc., No. 15-cv-02123-JCS, 2015 WL 5121251, at *6 (N.D. Cal. Aug. 28, 2015) ("To the extent that Therm–X disputes the severity or pervasiveness of the alleged harassment, such issues are better addressed as questions of fact."); Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993) ("But we can say that whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances."); Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995) ("The working environment must both subjectively and objectively be perceived as abusive. Whether the workplace is objectively hostile must be determined from the perspective of a reasonable person with the same fundamental characteristics. Hostility must be measured based on the totality of the circumstances." (citations omitted)). Considering plaintiff's allegations in the light most favorable to plaintiff, the Court concludes that plaintiff adequately alleges that his harassment was sufficiently severe to create an abusive work environment.

Therefore, the Court **DENIES** the motion to dismiss plaintiff's claim of age harassment against Hickman.

### b. Augustine

It appears that plaintiff does not oppose the dismissal of Augustine in his opposition to the motion to dismiss. The Court agrees with defendants that plaintiff has failed to demonstrate that Augustine's alleged conduct constituted pervasive or severe harassment. Therefore, the Court **GRANTS** without prejudice the motion to dismiss plaintiff's claim of age harassment against Augustine.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

### 2. IIED

A claim for intentional infliction of emotional distress exists when plaintiff alleges that "(1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress." Ross v. Creel Printing & Publ'g Co., 100 Cal. App. 4th 736, 744–45, 122 Cal. Rptr. 2d 787, 793 (2002). Conduct is outrageous if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Conley v. Roman Catholic Archbishop of San Francisco, 85 Cal. App. 4th 1126, 1133 (2000). "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." Potter v. Firestone Tire & Rubber Co., 863 P.2d 795, 821 (Cal. 1993).

#### a. Hickman

Hickman and Augustine argue that plaintiff has not stated a claim of IIED against Hickman because supervisory decisions, even if discriminatory, cannot be the basis for a tort claim and because Hickman's conduct was not "extreme and outrageous." MTD at 9–10.

The Court finds that plaintiff has alleged facts and circumstances which reasonably could lead the trier of fact to conclude that Hickman's conduct was extreme and outrageous. According to plaintiff, Hickman was in a position of authority over plaintiff,[3] Hickman screamed at plaintiff threateningly, and Hickman terminated plaintiff's employment. It is true that "[l]iability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Hughes v. Pair, 209 P.3d 963, 976 (Cal. 2009) (quotation marks omitted). However, "[w]here reasonable persons may differ, the trier of fact is to determine whether the conduct has been sufficiently extreme and outrageous to result in liability." Tekle v. United States, 511 F.3d 839, 856 (9th Cir. 2007) (quotation

---

[3] "The cases and commentators have emphasized the significance of the relationship between the parties in determining whether liability should be imposed. Thus, plaintiff's status as an employee should entitle him to a greater degree of protection from insult and outrage than if he were a stranger to defendants." Alcorn v. Anbro Eng'g, Inc., 468 P.2d 216, 220 n.2 (1970) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07144-CAS(KSx) | Date | November 14, 2016 |
| Title | CHRISTOPHER LANDIG v. COOPERSURGICAL, INC. ET AL. | | |

marks omitted). Because reasonable minds could differ as to whether the conduct alleged here was sufficiently extreme and outrageous to support an IIED claim, the Court **DENIES** the motion to dismiss plaintiff's claim of IIED against Hickman.

### b. Augustine

The Court again notes that plaintiff does not appear to oppose the dismissal of Augustine in his opposition to the motion to dismiss. The Court finds that Augustine's conduct was not "so extreme as to exceed all bounds of that usually tolerated in a civilized community." See Conley, 85 Cal. App. 4th at 1133. Accordingly, the Court **GRANTS** the motion to dismiss plaintiff's claim of IIED against Augustine and **DISMISSES** the claim without prejudice.

## V. CONCLUSION

In accordance with the foregoing, plaintiff's motion to remand this action to state court is **DENIED**. The Court **DISMISSES** Mukand from this action without prejudice.

The Court **DENIES** the motion to dismiss plaintiff's claims against Hickman.

The Court **GRANTS** the motion to dismiss plaintiff's claims against Augustine and **DISMISSES** the claims without prejudice.

Plaintiff shall have **fourteen (14) days** from the date of this order to file an amended complaint addressing the deficiencies identified herein.

IT IS SO ORDERED.

|  | 00 : 08 |
|---|---|
| Initials of Preparer | CMJ |